CASE 68.— ACTION BETWEEN THE BANK OF RUSSELL-VILLE AND THE CITY OF RUSSELLVILLE.—April 28, 1909.

# Bank of Russellville v. City of Russellville

Appeal from Logan Circuit Court.

W. P. SANDIDGE, Circuit Judge.

From the judgment the bank appeals.—Affirmed.

Taxation—City Bonds—Obligation of Contract.—A city may tax its bonds in the hands of another; there being no express or implied provisions to the contrary, and hence no impairment of the obligation of contract of sale.

S. R. CREWDSON for appellant.

### AUTHORITIES CITED.

Applegate &c. v. Ernst, 3 Bush 648; Owensboro & Nashville Ry. Co. v. Logan County, 11 Ky. Law Rep. 99; Hager, Auditor &c. v. Citizens National Bank 32 Ky. Law Rep. 95.

S. J. BROWNING for appellee.

### AUTHORITIES CITED.

Act Ky. Legislature 1906, relating to Revenue and Taxation, Art. 4, subdivision 2; Hager, Auditor, &c. v. Citizens National Bank, 32 Ky. Law Rep. 95.

OPINION OF THE COURT BY WM. ROGERS CLAY, COM-MISSIONER—Affirming.

Appellant, Bank of Russellville, is the owner and holder of $24,000 worth of bonds issued by the city of Russellville. The sole question involved on this appeal is whether or not said bonds should be taken into consideration in determining the value of appellant's capital stock for the purpose of taxation. The case arises on an agreed statement of facts. The court below gave judgment in favor of appellee, city

of Russellville. From that judgment the Bank of Russellville prosecutes this appeal.

It is the contention of appellant: That appellee is without power to tax its own indebtedness; that, if this could be done, it would impair the obligation of its contract to pay the debt and interest contracted to be paid. This is not a case where the ordinance providing for the bond issue specially exempts the bonds from municipal taxation. It will not be necessary therefore to discuss that question. The bonds in this case have no such provision. They are simply obligations on the part of the city to pay certain sums, with certain interest, within a specified period.

An interesting case upon this subject is that of Murray v. Charleston, 96 U. S. 432, 24 L. Ed. 760. In that case the plaintiff was a resident of Bonn, Germany, and was the owner of $35,262.35 of stock issued by the city of Charleston. This stock was equivalent to municipal bonds. One-third of the interest due the plaintiff on the 1st days of April, July, and October, 1870, and January and July, 1871, having been retained by the city, he brought an action to recover the sums retained. The city sought to justify the retention of the interest by virtue of certain ordinances which it had enacted. By these ordinances the city appraiser was directed to assess a tax of two cents upon the dollar of the value of all real and personal property in the city of Charleston, for the purpose of meeting the expenses of the city government. It was further provided that the taxes assessed on city stock should be retained by the city treasurer out of the interest thereon when the same became due and payable. The court held that the levy and collection of the tax in the manner provided by the ordinances of the city of Charleston impaired the

obligation of its contract, and gave judgment in favor of plaintiff. In discussing the question involved, the court uses the following language: "Is, then, property, which consists in the promise of a State, or of a municipality of a State, beyond the reach of taxation? We do not affirm that it is. A State may undoubtedly tax any of its creditors within its jurisdiction for the debt due to him, and regulate the amount of the tax by the rate of interest the debt bears, if its promise be left unchanged. A tax thus laid impairs no obligation assumed. It leaves the contract untouched; but, until payment of the debt or interest has been made, as stipulated, we think no act of State sovereignty can work an exoneration from what has been promised to the creditor, namely, payment to him, without a violation of the Constitution. "The true rule of every case of property founded on contract with the government is this: It must first be reduced into possession, and then it will become subject, in common with other similar property, to the right of the government to raise contributions upon it. It may be said that the government may fulfill this principle by paying the interest with one hand, and taking back the amount of the tax with the other; but to this the answer is that, to comply truly with the rule, the tax must be upon all the money of the community, not upon the particular portion of it which is paid to the public creditors, and it ought besides to be so regulated as not to include a lien of the tax upon the fund. The creditor should be no otherwise acted upon than as every other possessor of money, and, consequently, the money he receives from the public can then only be a fit subject of taxation when it is entirely separated (from the contract) and thrown un-

distinguished into the common mass.' 3 Hamilton, Works, 514 et seq.''

It will be observed that the facts of the above case differ from those of the case at bar. There the owner of the bonds was a nonresident, and the ordinance provided that the tax should be deducted from the interest to be paid by the city of Charleston, and that the owner should receive merely the balance. Here the bonds are owned by a resident of the city of Russellville, and have an actual situs in that city. They are not sought to be taxed by any arrangement by which the amount of the tax is deducted from the interest agreed to be paid. The bonds are sought to be taxed like any other property.

In the case of People v. Home Insurance Co., 29 Cal. 533, the power of a State to tax its own bonds was sustained. The bonds, issued by the State and owned by a foreign insurance company doing business in that State, and deposited with a banker, were held to be property within the meaning of the revenue act. The court, in passing upon the question, said that the State had the power to tax its own bonds equally with other property, and that the exercise of such a power involved no violation of the contract.

In the case of Champaign County Bank v. William Smith, 7 Ohio St. 42, it was held that stocks or bonds of the State of Ohio, which were not expressly exempted from taxation either by their own terms or by the provisions of the laws under which they were issued, were subject to taxation by the Legislature. In discussing the question the Supreme Court of that State said: ''One man invests capital in State stocks, as a source of income and profit to himself. From the same motives of interest, other capital is invested in the bonds of a private corporation, or the notes of

individuals. These investments are equally taxed, as property, as sources of profit and income. The consequence is that the profit is diminished in both cases. This is an effect, but not the object of the law imposing the taxation. It contemplates no such pur- pose. As between the parties, the contract is left in full force; but the property invested, or acquired by the contract, is taxed, not by way of interference with the rights of the parties, as borrower and lender, but for the support of government, and the consequent protection and welfare of the whole community. No one doubts the power of the State to tax land within its territorial limits, whether held by direct grant from the State, or by title from a different quarter; and if the taxation of capital invested in State bonds impairs the obligation of a contract which contains no stipulation for exemption, upon what principle shall the taxation of bank bills, or corporation bonds, or the notes of individuals, be justified? The prin- ciple that, in the absence of any stipulation to the contrary, a sovereign State possesses the power of taxing all property held under it, and within its juris- diction, is fundamental and essential to the very being of government. Property can only be acquired and held subject to this condition, and this infirmity of tenure furnishes the only adequate means for its protection.''

And in the case of Phil. & Wil. R. R. Co. v. Mary- land, 10 How. 393, 13 L. Ed. 461, Chief Justice Taney uses the following language: ''This court on sev- eral occasions has held that the taxing power of a State is never presumed to be relinquished, unless the intention to relinquish is declared in clear and unambiguous terms.''

There can be no doubt that the power of taxation existed in the city of Russellville long prior to the time that appellant purchased the bonds in question. The appellant purchased the bonds knowing that they were property, and if held and owned by it were, under the charter of the city of Russellville and of the statutes of the State of Kentucky, subject to taxation. There is neither an express nor an implied contract on the part of the city of Russellville to surrender its power of taxation. The contract of purchase of the bonds was made subject to the taxing power. The imposition and collection of a tax upon the bonds cannot therefore impair the obligation of the contract, which was certainly made subject to the right of the city of Russellville to exercise the power of taxation.

For the reasons given the judgment is affirmed.